IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT PHILLIPS, | § § | |
| *Plaintiff,* | § § § | SA-19-CV-01261-XR |
| vs. | § § § | |
| THE STATE OF TEXAS, STEVE CHRISTIAN, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, SAPD OFFICER; YVONNE JARAMILLO, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, 911 COMMUNICATION UNIT OFFICER; SUSAN D. REED, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, CRIMINAL DISTRICT ATTORNEY; DARYL HARRIS, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, ASSISTANT CRIMINAL DISTRICT ATTORNEY; JAMES BRIAN PEPLINSKI, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, LEAD ATTORNEY; RAYMOND ANGELINI, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, HONORABLE JUDGE, 187TH DISTRICT COURT; REBECCA C. MARTINEZ, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, JUSTICE; SANDEE BRYAN MARION, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, JUSTICE; CATHERINE STONE, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, CHIEF JUSTICE; AND RICHARD E LANGLOIS, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, APPELLANT ATTORNEY; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to

Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed

1

October 24, 2019 [#1]. The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but order Plaintiff to file a more definite statement before ordering service on any Defendant.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed, has no regular income or savings, and is in debt for $16,000 of unpaid child support. The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II. More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). After

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is

screening Plaintiff's proposed Complaint and identifying several defects with Plaintiff's allegations, the Court will give Plaintiff the opportunity to file a more definite statement to supplement his allegations and save his case from dismissal.

Plaintiff's proposed Complaint alleges that he was assaulted and falsely arrested by Officer Steve Christian on July 21, 2010 for "abuse of 911 calls" after he called to report a violation of a child custody order. (Proposed Compl. [#1-1] at 6.) Plaintiff alleges that he again called 911 on February 23, 2011 and got "in a heated conversation" with 911 Officer Yvonne Jaramillo about the false arrest. (*Id.* at 6–7.) Plaintiff states he was arrested that same day and was ultimately indicted by Assistant District Attorney Daryl Harris for making threats against Officer Christian during the 911 call with Officer Jaramillo. (*Id.* at 8; Indictment [#1-1] at 25.)

Although some of the facts related to Plaintiff's criminal case are not clear, the exhibits attached to Plaintiff's Complaint demonstrate that Plaintiff was in fact indicted; Plaintiff challenged the indictment; and the indictment was quashed for failure to provide Plaintiff with a speedy trial. (Order [#1-1] at 23.) However, the State thereafter moved to amend the indictment, and it appears the motion was granted and the indictment was reinstated. (Mtn. to Amend Indictment [#1-1] at 33.) Plaintiff alleges he was ultimately tried before a jury and convicted of making a threat in violation of Section 22.07 of the Texas Penal Code. (Proposed Compl. [#1-1] at 9–10.) Plaintiff believes he was illegally convicted, illegally sentenced, and illegally detained because his indictment was quashed and his case should have remained closed. (*Id.* at 21.) Plaintiff's Proposed Complaint essentially challenges the legality of his conviction, requests the expungement of his criminal record, and seeks money damages as compensation for his illegal arrest and detention. The only other specific allegations made by Plaintiff against any Defendant

---

required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

are that District Attorney Susan Reed improperly disclosed his confidential personal information on national television; that Justice Rebecca C. Martinez improperly affirmed his conviction; and that his trial and appellate attorneys were ineffective. (*Id.* at 8, 10.)

Plaintiff sues the State of Texas, Officer Christian, Officer Jaramillo, the District Attorney and Assistant District Attorney responsible for his indictment and prosecution (Susan D. Reed and Daryl Harris), his criminal defense attorney Brian Peplinksi, his appellate attorney Richard Langlois, and various state court judges (Raymond Angelini, Rebecca C. Martinez, Sandee Brayn Marion, and Catherine Stone). Plaintiff's Complaint alleges Defendants violated his civil rights; Plaintiff brings his Complaint under 42 U.S.C. § 1983. (*Id.* at 3.)

Plaintiff's Complaint, as proposed, contains several defects that may be complete bars to his claims. The Court addresses each of these issues in turn.

**A.     The majority of named Defendants are absolutely immune from suit.**

First, most of the Defendants named in this action are immune from suit in federal court. The Eleventh Amendment bars claims against the State of Texas brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Accordingly, the State of Texas cannot be a Defendant in this suit. Nor can Plaintiff sue Judge Raymond Angelini, Justice Rebecca C. Martinez, Justice Sandee Bryan Marion, or Chief Justice Catherine Stone for his alleged wrongful conviction and sentence. Judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity, and this immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Because Plaintiff's Complaint attempts to sue various state-court judges for acts taken in their judicial capacity, these claims fail as a matter of law.

District Attorney Susan D. Reed and Assistant Criminal District Attorney Daryl Harris also enjoy immunity from Plaintiff's Section 1983 suit. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his or her role as prosecutor in preparing for the initiation of judicial proceedings and in carrying the case through the judicial process. *See Kalina v. Fletcher*, 522 U.S. 118, 123–129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). This absolute immunity covers a prosecutor's activities as an advocate, i.e., "activities . . . intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985). The only allegations that may not fall under this immunity doctrine are the alleged statements by Reed on national television. Statements to media do not qualify for absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993) (prosecutors' statements to the press enjoy only qualified immunity).

**B.     Plaintiff's trial and appellate counsel are not state actors under Section 1983.**

Plaintiff's civil-rights claims against his trial attorney Brian Pelinksi and his appellate attorney Richard Langlois also fail as a matter of law because these individuals are not state actors who can be sued under Section 1983. To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). Therefore, for the claims against Pelinksi and Langlois to be cognizable under § 1983, Plaintiff must be able to show that his attorneys were acting under color of state law. Plaintiff cannot do so. Regardless of whether these individuals were appointed public defenders or retained private

attorneys, they are not state actors. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Mills v. Criminal Dist. Ct. # 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (ineffective assistance of counsel claims brought against appointed counsel in a Section 1983 suit must fail "for want of any action under color of state law"). Accordingly, Plaintiff's claims against these Defendants also fail as a matter of law.

**C.      Plaintiff's claims are barred by *Heck v. Humphrey*.**

Plaintiff cannot pursue the expungement of his criminal record and monetary damages for an alleged wrongful conviction through this Section 1983 lawsuit. In *Heck v. Humphrey*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. 477, 489 (1994). The relevant inquiry in evaluating whether a claim is *Heck*-barred is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id.* at 487. *Heck*'s bar is applicable to requests for both injunctive relief and monetary damages. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

In short, *Heck* and its progeny bar the use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of a conviction and sentence. 512 U.S. at 489. In order to recover damages for an unconstitutional

6

conviction or imprisonment, a plaintiff proceeding under Section 1983 must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

Because the claims Plaintiff raises in this case challenge the legality of his conviction and sentence, these claims are barred by *Heck*. If the Court were to find in Plaintiff's favor, this decision "would necessarily imply the invalidity of his conviction or sentence." *See id.* Plaintiff also does not allege that his conviction or sentence was reversed on appeal, expunged, or declared invalid. *See id.* at 486–87. Accordingly, Plaintiff's claims seeking expungement of his criminal record and monetary damages for his wrongful conviction and incarceration are not cognizable in this Section 1983 action.

### D. Any remaining claims against Officer Christian and Officer Jaramillo are time-barred.

Insofar as Plaintiff is attempting to sue Officer Christian and Officer Jaramillo for false arrest, these claims are not barred by *Heck* yet are time-barred. The *Heck* rule "delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." *Wallace v. Kato*, 549 U.S. 384, 393 (2007). False arrest claims, however, are not governed by *Heck*'s accrual rule and are therefore subject to dismissal as time-barred.

Section 1983 does not have a specified statute of limitations, and federal courts look to state law to borrow the forum state's residual personal-injury limitations period. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). In Texas, the applicable period is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Although state law controls the limitations period for Section 1983 claims, federal law determines when a cause of action accrues. *Brummett v.*

7

*Camble*, 946 F.2d 1178, 1184 (5th Cir. 1992). A cause of action brought under Section 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). For a Section 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where criminal proceedings follow the arrest, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.

Plaintiff's Complaint alleges he was arrested on July 21, 2010 and again on February 23, 2011. (Proposed Compl. [#1-1] at 6–7.) Therefore, the two-year statute of limitations began to run on those dates. Plaintiff did not file his Proposed Complaint until well beyond the two-year deadline for filing a suit challenging these arrests under Section 1983. Accordingly, any claim for false arrest against Officers Christian and Jaramillo are neither timely under the relevant two-year limitations period nor preserved by the *Heck* rule for deferred accrual.

Under these precedents, it appears that Plaintiff's proposed Complaint should be dismissed for failure to state a non-frivolous, cognizable claim. However, before doing so, the Court will permit Plaintiff to file a more definite statement supplementing his allegations and establishing that he has alleged at least one non-frivolous claim. The Court will order Plaintiff to file this more definite statement, answering the questions listed below, within 21 days of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

However, <u>service upon Defendants should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that **within 21 days of this Order**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. In this More Definite Statement, Plaintiff should respond to the following questions:

(1) Please clarify your allegations surrounding District Attorney Reed's alleged disclosure of your private information on national television? What did Defendant Reed allegedly say on television? When did she say it? Are you alleging these statements were false? Are you alleging these statements violated your civil rights? Is this a claim based on federal or state law?

(2) You list several federal and state statutory and constitutional provisions in your proposed Complaint, but the Complaint does not contain facts that support alleged violations of these provisions in most instances. Besides allegedly falsely arresting, convicting, sentencing, and imprisoning you, is there any other wrongful act taken by any named Defendant in this lawsuit that you are seeking to remedy through this lawsuit?

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2019.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**

SIGNED this 5th day of November, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE