IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT PHILLIPS,<br><br>*Plaintiff,*<br><br>vs.<br><br>THE STATE OF TEXAS, STEVE CHRISTIAN, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, SAPD OFFICER; YVONNE JARAMILLO, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, 911 COMMUNICATION UNIT OFFICER; SUSAN D. REED, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, CRIMINAL DISTRICT ATTORNEY; DARYL HARRIS, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, ASSISTANT CRIMINAL DISTRICT ATTORNEY; JAMES BRIAN PEPLINSKI, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, LEAD ATTORNEY; RAYMOND ANGELINI, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, HONORABLE JUDGE, 187TH DISTRICT COURT; REBECCA C. MARTINEZ, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, JUSTICE; SANDEE BRYAN MARION, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, JUSTICE; CATHERINE STONE, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, CHIEF JUSTICE; AND RICHARD E LANGLOIS, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY, APPELLANT ATTORNEY;<br><br>*Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | SA-19-CV-01261-XR |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

1

This Report and Recommendation concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e). All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's claims be dismissed because Plaintiff fails to state a claim upon which relief may be granted.

## I. Analysis

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed for failure to state a claim upon which relief may be granted where a plaintiff's allegations fail to plead factual content that would allow a court to conclude that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On November 5, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis* but ordered that Plaintiff file a more definite statement to clarify some identified deficiencies in his proposed Complaint [#3]. The Court ordered that Plaintiff's Complaint be filed but that service be withheld pending the Court's review of the more definite statement. Plaintiff timely filed a response to the Court's Order on November 21, 2019 [#5]. Since that filing, Plaintiff has also filed a Notice of Appeal [#6], Notice of Evidence [#7], and Notice of Intervention Pursuant

to 28 U.S.C. § 2403(a) [#8]. For the reasons that follow, it is recommended that the District Court dismiss Plaintiff's Complaint under Section 1915(e).

Plaintiff's Original Complaint, read in conjunction with his response to the Court's Order for a More Definite Statement, alleges that he was assaulted and falsely arrested by Officer Steve Christian on July 21, 2010 for "abuse of 911 calls" after he called to report a violation of a child custody order. (Compl. [#4] at 6.) Plaintiff alleges that he again called 911 on February 23, 2011 and got "in a heated conversation" with 911 Officer Yvonne Jaramillo about the false arrest. (*Id.* at 6–7.) Plaintiff states he was arrested that same day and was ultimately indicted by Assistant District Attorney Daryl Harris for making threats against Officer Christian during the 911 call with Officer Jaramillo. (*Id.* at 8; Indictment [#4] at 25.)

Although some of the facts related to Plaintiff's criminal case are not clear, the exhibits attached to Plaintiff's Complaint demonstrate that Plaintiff was in fact indicted; Plaintiff challenged the indictment; and the indictment was quashed for failure to provide Plaintiff with a speedy trial. (Order [#4] at 23.) However, the State thereafter moved to amend the indictment, and it appears the motion was granted and the indictment was reinstated. (Mtn. to Amend Indictment [#4] at 33.) Plaintiff alleges he was ultimately tried before a jury and convicted of making a threat in violation of Section 22.07 of the Texas Penal Code. (Proposed Compl. [#4] at 9–10.) Plaintiff believes he was illegally convicted, illegally sentenced, and illegally detained because his indictment was quashed and his case should have remained closed. (*Id.* at 21.) Plaintiff's Complaint essentially challenges the legality of his conviction, requests the expungement of his criminal record, and seeks money damages as compensation for his illegal arrest and detention. The only other specific allegations made by Plaintiff against any Defendant are that District Attorney Susan Reed improperly disclosed his confidential personal information

3

on national television; that Justice Rebecca C. Martinez improperly affirmed his conviction; and that his trial and appellate attorneys were ineffective. (*Id.* at 8, 10.)

Plaintiff sues the State of Texas, Officer Christian, Officer Jaramillo, the District Attorney and Assistant District Attorney responsible for his indictment and prosecution (Susan D. Reed and Daryl Harris), his criminal defense attorney Brian Peplinksi, his appellate attorney Richard Langlois, and various state court judges (Raymond Angelini, Rebecca C. Martinez, Sandee Bryan Marion, and Catherine Stone). Plaintiff's Complaint alleges Defendants violated his civil rights; Plaintiff brings his Complaint under 42 U.S.C. § 1983. (*Id.* at 3.) In addition to Section 1983, Plaintiff's Response to the Court's Order for a More Definite Statement [#5] lists causes of action under numerous other civil and criminal statutes, including the Texas Penal Code and the federal statutes prohibiting treason and governing applications for a writ of habeas corpus. Although Plaintiff includes many statutes and causes of action in his pleading, he is essentially complaining of what he believes was an illegal prosecution and conviction. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**A.     The majority of named Defendants are absolutely immune from suit.**

First, most of the Defendants named in this action are immune from suit in federal court. The Eleventh Amendment bars claims against the State of Texas brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Accordingly, the State of Texas cannot be a Defendant in this suit. Nor can Plaintiff sue Judge Raymond Angelini, Justice Rebecca C. Martinez, Justice Sandee Bryan Marion, or Chief Justice Catherine Stone for his alleged wrongful conviction and sentence. Judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity, and this immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Because Plaintiff's Complaint attempts to sue various state-court judges for acts taken in their judicial capacity, these claims fail as a matter of law.

District Attorney Susan D. Reed and Assistant Criminal District Attorney Daryl Harris also enjoy immunity from Plaintiff's Section 1983 suit. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his or her role as prosecutor in preparing for the initiation of judicial proceedings and in carrying the case through the judicial process. *See Kalina v. Fletcher*, 522 U.S. 118, 123–129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). This absolute immunity covers a prosecutor's activities as an advocate, i.e., "activities . . . intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985). The only allegations that may not fall under this immunity doctrine are the alleged statements by Reed on national television. Statements to media do not qualify for absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993) (prosecutors' statements to the press enjoy only qualified immunity).

However, Plaintiff alleges Reed made these statements on February 25, 2011. Therefore, insofar as Plaintiff is attempting to allege a claim of defamation against Reed, this claim is barred by the governing statute of limitations, which is one year from the date the defamatory words are spoken and the injury occurs. Tex. Civ. Prac. & Rem. Code § 16.002(a); *Grogan v. Savings of America, Inc.*, 118 F. Supp. 2d 741, 756 (S.D. Tex.), *aff'd*, 202 F.3d 265 (5th Cir. 1999).

B.     **Plaintiff's trial and appellate counsel are not state actors under Section 1983.**

Plaintiff's civil-rights claims against his trial attorney Brian Pelinksi and his appellate attorney Richard Langlois also fail as a matter of law because these individuals are not state actors who can be sued under Section 1983. To state a claim under Section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). Therefore, for the claims against Pelinksi and Langlois to be cognizable under Section 1983, Plaintiff must be able to show that his attorneys were acting under color of state law. Plaintiff cannot do so. Regardless of whether these individuals were appointed public defenders or retained private attorneys, they are not state actors. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Mills v. Criminal Dist. Ct. # 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (ineffective assistance of counsel claims brought against appointed counsel in a Section 1983 suit must fail "for want of any action under color of state law"). Accordingly, Plaintiff's claims against these Defendants also fail as a matter of law.

C.     **Plaintiff's claims are barred by *Heck v. Humphrey*.**

Plaintiff cannot pursue the expungement of his criminal record or monetary damages for an alleged wrongful conviction through this Section 1983 lawsuit. In *Heck v. Humphrey*, the

Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. 477, 489 (1994). The relevant inquiry in evaluating whether a claim is *Heck*-barred is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id.* at 487. *Heck*'s bar is applicable to requests for both injunctive relief and monetary damages. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

In short, *Heck* and its progeny bar the use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of a conviction and sentence. 512 U.S. at 489. In order to recover damages for an unconstitutional conviction or imprisonment, a plaintiff proceeding under Section 1983 must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

Because the claims Plaintiff raises in this case challenge the legality of his conviction and sentence, these claims are barred by *Heck*. If the Court were to find in Plaintiff's favor, this decision "would necessarily imply the invalidity of his conviction or sentence." *See id.* Plaintiff does not allege that his conviction or sentence was reversed on appeal, expunged, or declared invalid. Accordingly, Plaintiff's claims seeking expungement of his criminal record and monetary damages for his wrongful conviction and incarceration are not cognizable in this Section 1983 action. *See id.* at 486–87.

**D.     Any remaining claims against Officer Christian and Officer Jaramillo are time-barred.**

Insofar as Plaintiff is attempting to sue Officer Christian and Officer Jaramillo for false arrest, these claims are not barred by *Heck* yet are time-barred. The *Heck* rule "delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." *Wallace v. Kato*, 549 U.S. 384, 393 (2007). False arrest claims, however, are not governed by *Heck*'s accrual rule and are therefore subject to dismissal as time-barred.

Section 1983 does not have a specified statute of limitations, and federal courts look to state law to borrow the forum state's residual personal-injury limitations period. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). In Texas, the applicable period is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Although state law controls the limitations period for Section 1983 claims, federal law determines when a cause of action accrues. *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1992). A cause of action brought under Section 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993) (internal quotation and citation omitted). For a Section 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where criminal proceedings follow the arrest, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.

Plaintiff's Complaint alleges he was arrested on July 21, 2010 and again on February 23, 2011. (Proposed Compl. [#1-1] at 6–7.) Therefore, the two-year statute of limitations began to run on those dates. Plaintiff did not file his Proposed Complaint until well beyond the two-year deadline for filing a suit challenging these arrests under Section 1983. Accordingly, any claim

8

for false arrest against Officers Christian and Jaramillo are neither timely under the relevant two-year limitations period nor preserved by the *Heck* rule for deferred accrual. Under these precedents, Plaintiff's Complaint should be dismissed for failure to state a non-frivolous, cognizable claim.

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint and Response under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's claims be **DISMISSED**.

Because all matters for which the above-entitled and numbered case were referred to the Magistrate Judge have been considered and acted upon, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52

(1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of December, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE